IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FILED 4/21/08
Date Time
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES OF AMERICA
PLAINTIFF-RESPONDANT

vs.

CLARENCE PETE
DEFENDANT-MOVANT

CASE NUMBER:

93-102-CR-FTM-21

RESENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

**COMES NOW**, the PRO-SE defendant Clarence Pete and hereby submits the instant resentencing memorandum and motion for downward variance in the event the court decide to resentence him pursuant to 18 U.S.C. §3582(c)(2) under the crack cocaine guideline amendment.

BACKGROUND

A. PETE'S 1993 CRIMINAL TRIAL AND SENTENCING HEARING.

The defendant Clarence Pete is currently serving a 30-year prison term at a Federal Correctional Institution in Marianna, Florida. A decade and a half ago he was charged in a single count indictment with conspiracy to posses with intent to distribute a "detectable amount" of crack cocaine and powder cocaine. The trial evidence later revealed that the case involved a "historical or dry conspiracy" in which cooperating goverment witnesses claimed that defendant Pete, sold two rocks of cocaine ($10), and had in his possession a shake bag. On December 10, 1993 a trial jury convicted defendant Pete for the charged conspiracy, but did not find the drug amount later used to sentence him to 30 years. Rather the probation officer aggregated two rocks, and a shake bag, to compute defendant Pete"s base offense score at level 32. The sentencing judge later determined that defendant Pete should be held accountable for aggregated quantity of

50 grams of crack cocaine based on the probation officer historical estimates of the crack cocaine. (See Sentencing Transcript Page 17 #8)

The sentencing judge also agreed with the probation officer that defendant Pete should be assigned a criminal history category of V1 based on various misdemeanor and felony convictions. Defendant Pete did not recieve any other guideline adjustment and, therefor his sentencing range in criminal history category V1 was 360 months to life imprisonment. He was then sentenced to a 30-year prison term under the constitutionally-defective mandatory guideline system.

B. THE CRACK COCAINE GUIDELINE AMENDMENT

On May 1,2007 the United States Sentencing Commission issued a guideline amendment that lowered crack cocaine penalties two levels on the Guideline Drug Table, see Amendments to the Sentencing Guidelines for United States Courts 72 Fed. Reg. 28571-28572 (2007). The crack cocaine guideline amendment became effective on November 1, 2007 and was designated in §1B1.10 (c) on December 11, 2007. Section 1B1.10 expressly provides that the crack cocaine guideline amendment may be applied retroactively in a §3582 (c)(2) resentencing proceeding. Defendant Pete respectfully submits that he is eligible for §3582(c)(2) sentence reduction because the retroactive change to the crack cocaine guideline lowers his sentencing range. See defendant's §3582(c)(2) motion for reduction of sentence. The instant memorandum addresses the remaining issues and the impact that United States vs Booker has on any ensuing sentencing calculation in the event the court decides to grant defedant Pete's §3582(c)(2) Motion.

II ARGUMENT

A. THE FEDERAL SENTENCING GUIDELINES ARE ADVISORY IN THE §3582(c)(2) RESENTENCING SETTING, JUST AS THEY ARE IN ALL OTHER SENTENCING SETTINGS.

Defendant Pete urges that when the court reconsiders his sentencing under the amended crack cocaine guidelines, the court follow the procedure outlined in the United States vs Hicks, 472 F.3d 1167 (9th cir. 2007). The Ninth Circuit has held that district courts have discretion to obivate §1B1.10 of the sentencing guidelines

once the court finds the defendant eligible for a sentencing reduction under §3582(c)(2) See Hicks 472 F.3d at 1172-73; See also United States vs Forty Estremera 498 F.Supp.2d 468 472 (D. Puerto Rico 2007)(Acosta J.): United States vs Jones, 2007. WL 2703122 (D. Kan. Sept. 17, 2007). The Ninth Circuit reasoned that "(W)hile §3582(c)(2) proceedings do not constitute full resentencing, their purpose is to give defendants a new sentence." Id at 1171. The Ninth Circuit Pointed out that "(T)his resentencing, while limited in certain respects, still results in the judge calculating a new guideline range, considering the §3553(a) factors and issuing a new sentence based on the guidelines." Id.

The Ninth Circuit further emphasized that the Supreme Court in Booker explicitly stated "as by now should be clear, (a) mandatory system is no longer an open choice." Hicks, 472 F.3d at 1170 (quoting Booker, 543 U.S. at 263, 125 S. CT. 738). The Ninth Circuit explained that the Supreme Court specifically rejected the contention the Sentencing Guidelines could be considered as mandatory in one context and advisory in another. See Hicks 472 F.3d at 1170 (citing Booker, 543 U.S. at 266 125 S. CT. 738) "(W)e believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others." And as such, a district court has discreation in a 3582(c)(2) resentencing to impose a non-guideline sentence to accomplish the sentencing goals set forth in section 3553(a), Hicks, 472 F.3d at 1170. In fact, it is worth noting that the Government has acknowledged that the Ninth Circuit opinion Hicks is "instructive" and making the crack cocaine guideline amendment retroactive would implicate Booker in §3582 (c)(2) resentencing.

Defendant Pete further notes that the Federal Sentencing Guidelines have been considered advisory in other sentencing settings under the Sentencing Reform Act even though the particular provision contained mandatory instructions for a guideline sentence and were not exsied in Booker. For example, the Second, Seventh, and Tenth Circuit have held that district courts are to consider the Federal Sentencing Guidelines to be advisory when imposing a sentence under §3553(b)(2) for crimes involving children and sexual offenses. See United States vs Grigg, 442 F.3d 560 564 (7th Circuit. 2006) (collecting cases). Federal courts, for the same reason, have held that district courts are to consider the Federal Sentencing Guidelines to be advisory when imposing a sentence under §3553(f) for defendants who are eligible for Safety Valve Relief. See, United States vs Deran 383 F.Supp.2d 1345, 1347 (D.Utah 2005)(Cassell J.):United States vs Quirante, 486 F.3d 1237 1275 (11th Circuit 2007)(collecting cases) notably, the courts consult the guidelines in determining an appropiate sentence, any resulting sentence is "pursuant to the guidelines." Id.

B. A SENTENCE BELOW THE APPLICABLE SENTENCING RANGE SHOULD BE IMPOSED IN THE EVENT THE COURT ISSUE A NEW SENTENCE UNDER THE ADVISORY GUIDE-LINES IN LIGHT OF CRACK COCAINE GUIDELINE AMENDMENT.

The §3553(a) problems associated with the current "quantity based" penalties for crack cocaine offenses are well known and well documented. The Sentencing Commission has already acknowledged that the crack cocaine guideline amendment represent only a modest interim measure that does not fully rectify the problems with crack cocaine sentences. See United States Sentence Commission, Report To Congress. Cocaine and Federal Sentencing Policy 10 (May 2007). Available at http//www.USSC.gov/R Congress /Cocaine 2007 PdF. It concedes that (t)he current quantity-based penalties overstate (both) the relative harmfulness of crack cocaine (and) the seriuosness of most crack cocaine offenses. Id at 8. For this reason the Supreme Court has held that district courts have authority to deviate from the guideline range, even in the mine-run (crack cocaine) case. See Kimbrough vs United States 128 S. CT. 558 (2007): See also, Gall vs United States, 128 S. CT. 586 595 (2007) (affirming district courts downward variance based in part on finding that aggregate quantities of drugs sold over a period resulted in excessive sentence and noting criticisms of heavy reliance of drug guide-lines on aggregate quantities.

Basic principles of fairness call for the court to impose a non-guideline sentence below the applicable sentence range of 188 months to 234 months. Defendant Pete contend that his case exemplifies the disproportionate and unjust impact that "aggregate drug quantities" have in "historical" or "dry" conspiracy cases involving crack cocaine. The guideline method used to compute the drug quantity in this case unfairly and inaccurately places a shack bag and two "rocks" at 50 grams of crack. Defendant Pete is being placed in the same category as International Drug Lords such as Manuel Felipe Salazar-Espinosa, Fabio Ochoa Vazquez, and Miquel and Rodriquez Orejuela who were each sentenced to 30 years in Federal Prison for smuggling tons of powder cocaine into the United States.

This is not to discount the severity of his crime. But how could it be percieved as fair when defendant Pete recieves a sentence that is equivalent to that of International Drug Lords. These individuals are responsible for flooding cities throughout the United States with tons of powder cocaine from which crack cocaine is derived. They are responsible for numerous murders, extortions, and other serious crimes. Here in the present case defendant Pete recieved the same amount of prison time for a mili-fraction of the amount of drugs that these individuals were responsible for bringing into the entire United States. Defendant Pete was nomore than a drug addict. The court is urged to grant a downward variance.

A second reason supporting a downward variance in this case is defendant Pete's age. He is currently 59 years old and has already served a considerable amount of prison time (14 years 7 months) for the instant offense. The Eleventh Circuit has indicated that a district court may grant a downward variance based on defendants age. See United States vs Ramirez, 426 F.3d 1344 1358-59 (11th Cir. 2005) indicating district court had authority to reduce 360 month prison term imposed on a 62-year old boat captain who was leader of a drug conspiracy to import 428.1 kilograms of powder cocaine into the U.S., given defendants age. Notably, the SEntencing Commission has noted that recidivism is markedly lower for older defendants. See United States Sentencing Commission Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 12 http//www.USSC.gov/(r)ecidivism declines precipitously after 50 years of age. The criminal history computation in this case fails to take into account that recidivism rates drop with age. For this reason defendant Pete respectfully ask the court to take into account his age when considering §3553(a)(2)(b) & (c) deterrence and incapacitation factors. There is every reason to believe that, given the opportunity to do so, defendant Pete can become a productive member of society. During his incarceration (14 years 7 months) he has been trouble free (clear conduct). Defendant Pete has been in a wheelchair since July 2001. See 18 U.S.C.§3553(a)(2)(d) the need to impose a sentence that is sufficient but "not greater than neccessary" to provide "medical care" or "other correctional treatment".

Historical estimates of cocaine sales have been troublesome to all concered. See United States vs Pressley, 473 F.Supp.2d 1303 1313-14 (N.D.Ga. 2006(Carnes J.).

## III. CONCLUSION

Wherefor, defendant Pete respectfully request the court to grant him the two level base offense reduction under the crack cocaine guideline amendment (note. While defendant Pete's base offense level scored at 32, he was enhanced to a level 37, so defendant Pete is respectfully asking this court to remove the enhancements and grant the reduction of two levels from his base offense score of 32),and to impose a non-guidelines sentence of 188 months to 235 months.

respectfully submitted,

Clarence Pete
Reg.Number 14019018
Federal Correctional Inst.
Post Office Box 7007
Marianna, Florida 32447

## IV. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing "RESENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE" and §3582(c)(2) "MOTION FOR REDUCTION OF SENTENCE" was deposited in F.C.I. Marianna's Internal Legal Mailing System addressed to:

Susan Daltuva, Esquire
United States Attorney's Office
2000 Main Street, SuitE 701
Fort Myers, Florida 33901:Postage Prepaid

By: Clarence J. Pete

EXECUTED ON THIS 16th OF April 2008