**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 2:93-cr-102-FtM-29UAM**

**CLARENCE J. PETE,**

**Defendant.**
______________________________/

**UNOPPOSED MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT OF 2018**

Pursuant to the Court's *Omnibus Order In Re: Section 404 of the First Step Act*, 8:19-mc-10-T-23, Defendant Clarence J. Pete, through undersigned attorney, respectfully requests a sentence reduction under Section 404 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), based on the following:

1. The United States Probation memorandum dated April 9, 2019 correctly states that Mr. Pete is eligible for a reduction in his term of imprisonment under Section 404 of the First Step Act, which made retroactive the reduction in statutory penalties that were modified by the Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372.

2. Under the First Step Act, Mr. Pete is subject to lesser statutory penalties, and the resulting Sentencing Guidelines are changed.

3. At Mr. Pete's sentencing on March 25, 1994, he was adjudicated guilty of Conspiracy to with Intent to Distribute Cocaine Base, in violation of 21

U.S.C. §§ 841(b)(1)(A) and 846, which carried a statutory range of imprisonment of 10 years' to life under the Anti-Drug Abuse Act of 1986, 100 Stat. 3207. Mr. Pete was sentenced to 360 months' imprisonment, to be followed by 5 years of supervised release.

4. Congress enacted the Fair Sentencing Act of 2010, 124 Stat. 2372, to reduce the racially disparate statutory penalties for crack cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Signed into law on December 21, 2018, § 404(b) of the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences.

5. Under the Fair Sentencing Act, Mr. Pete's offense now falls under 21 U.S.C. § 841(b)(1)(B); his statutory range of imprisonment is now 5 to 40 years, and his minimum term of supervised release is now 4 years.

6. Pursuant to USSG § 4B1.1, the guideline range was 360 to Life months' imprisonment. Due to the reduction in the statutory maximum penalty to which Mr. Pete is exposed today, his guideline range is now 262 to 327 months' imprisonment.

7. Accordingly, Mr. Pete respectfully requests that the Court, under Section 404 of the First Step Act and 18 U.S.C. § 3582(c)(1)(B), reduce his previously imposed sentence of imprisonment to 262 months and his term of supervised release to 4 years. The United States does not oppose this request.

8. Mr. Pete has filed this unopposed motion to expedite the proceedings in this matter. In light of the unopposed relief requested herein, the parties have not briefed various legal and factual issues that they would have otherwise addressed had this agreement not been reached. Therefore, the parties reserve the right to raise additional legal and factual arguments if the Court denies this motion.

Wherefore, Defendant Clarence J. Pete respectfully requests that this Court reduce his term of imprisonment to 262 months, or time served whichever is greater, and term of supervised release to 4 years.

Respectfully submitted by,

Donna Lee Elm
Federal Public Defender

*/s/ Juliann Welch*
Juliann Welch
Research and Writing Attorney
Florida Bar No. 1003171
400 North Tampa St., Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Juliann_Welch@fd.org
Counsel for the Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the Office of the United States Attorney.

*/s/ Juliann Welch*
Juliann Welch
Counsel for Defendant